Mr. Dan Flowers, Chairman State Employees Insurance Advisory Committee P.O. Box 3278 Little Rock, Arkansas 72203
Dear Mr. Flowers:
This is in response to your request for an opinion concerning Act 646 of 1987, which amended A.C.A. 19-4-1602 (a)(4). That statute lists the permissible items which may be deducted from the payroll of state employees. Item (a)(4) formerly listed "group hospital, medical, and life insurance deductions". That item has been amended by adding a sentence which states that:
 However, any payroll deductions through the Arkansas state mechanized payroll system for state employees for coverages other than the state authorized plan shall be approved by the State Employees Insurance Advisory Committee.
You note that "[n]umerous insurance companies already have mechanized payroll deduction slots, and were, therefore, grandfathered in". You then ask three specific questions concerning companies which already have a "payroll slot", and which already have employees from a particular agency enrolled in their programs. Your questions are as follows:
 1) Must the company have approval from the Committee to offer its program to other agency employees who are not enrolled?
 2) Must the company have approval from the Committee to offer its program to new employees in the same agency in which it already has enrollees?
 3) Must the company have approval from the Committee to offer new programs to the employees which already participate in a program through the company?
It is my opinion that the variable which gives rise to your questions is the "grandfathering in" of companies which already had "payroll slots" at the time of the adoption of Act 646 of 1987. It is this "grandfathering" which causes uncertainty in your construction of the act. Prior to answering your specific questions, we must discuss this "grandfathering".
The problem arises because nothing in A.C.A. 19-4-1602, or Act 646 of 1987 mentions this "grandfathering". The act merely says that any payroll deductions through the mechanized payroll system for coverages other than the state authorized plan shall be approved by the State Employees Insurance Advisory Committee. There is no provision which states that deductions through other companies which already have payroll slots are exempted from this approval. The act does not acknowledge the fact that there may be existing companies which already have mechanized payroll slots for the deduction of their premiums. As a consequence, it makes no exception for them. It merely says that any deduction for a coverage other than the authorized state plan needs approval of the Committee.
We perceive your question to involve not "grandfathering" per se, but the difference between prospective and retroactive legislation in general. Rather than saying that the existing companies were "grandfathered in", it may be more accurate to say that the language added by Act 646 of 1987 operates prospectively only, and thus does not apply to these companies at all. That is, it is possible that companies which had existing "payroll slots" at the time of the adoption of Act 646 may not need Committee approval; the act may not retroactively apply to them.
Cases are legion in Arkansas for the proposition that statutes are presumed to apply prospectively only, and will be construed as having retroactive effect only if expressly declared or necessarily implied by the language of the legislature. Scott v. Consolidated Health Management, Inc.,297 Ark. 601, 764 S.W.2d 434 (1989); Myers v. Council Mfg. Corp., 276 F. Supp. 541 (D.C. Ark. 1967). It has also been held that under Arkansas law, a statute will not be given retroactive effect if it is susceptible to any other construction. U.S. Gypsum Co. v. Uhlhorn, 232 F. Supp. 994, aff'd, 366 F.2d 211, cert. denied 385 U.S. 1026 (1964). Applying these precepts to the language of Act 646 of 1987 leads to the conclusion that it is intended to apply prospectively only. That is, in the absence of an express declaration of retroactivity, or a necessary implication to that effect, the statute would likely not be construed as requiring the approval of the Committee as to group hospital, medical, and life insurance payroll deductions operating through the state mechanized payroll system at the time of the adoption of Act 646. This is a fact that you appear to recognize by stating that these companies were "grandfathered in". Your questions are then premised upon this assumption.
With this in mind, we will now attempt to answer your three specific questions. With regard to your first question, (whether a "grandfathered" company needs approval of the Committee to offer its program to other agency employees not previously enrolled), it is my opinion that this question will depend upon the definition of the words used in Act 646. The act states that "any payroll deductions. . . for coverages other than the state authorized plan" shall be approved by the Committee. Having acknowledged the fact that the act does not apply retroactively to payroll deductions which were in effect at the time of the passage of the act, the question then becomes whether a new "deduction" for a different employee is a new "payroll deduction" which requires approval of the committee, or whether the word "payroll deduction" was intended to apply only to the class of payroll deductions authorized for that particular company.
It is my opinion that the language of Act 646, as codified at A.C.A. 19-4-1602, does not require the approval of the Committee each time a difference employee opts to enroll in an existing alternate payroll deduction insurance coverage. Although a statute requiring Committee approval of "deductions. . . for coverages" could be construed as requiring approval of each amount deducted for each different employee, it is my opinion that such a construction would lead to absurd results. If the Committee were required by the statute to approve each new participating employee's payroll deductions, it would have time to do little else. The statute, in my opinion, required approval of the Committee when a new payroll deduction for a new group hospital, medical or life insurance coverage is proposed by an alternate company, whether it be the first coverage offered through payroll deduction, or a new or separate coverage. The statute does not go to the approval of individual employees' deductions, but to the alternate companies' various deductions for different coverages. It should be noted that the statute provides that "any payroll deductions through the Arkansas state mechanized payroll system for state employees. . . . for coverages other that the state authorized plan shall be approved." It does not state that payroll deductions for a state employee, or each state employee shall be approved. Payroll deductions for state employees as a group must be approved. thus, companies to which Act 646 is not applicable because of its prospective nature do not need approval of the Committee to add additional employees under existing coverages. That existing class of "deductions" does not need additional approval of the Committee when other employees are added.
The answer to your third question, which concerns whether a "grandfathered" company must have the approval of the Committee prior to offering new programs to participating employees, will again depend upon the definition of the words "deduction" and "coverages". Act 646 provides that the Committee must approve any "deduction" which is not through the state authorized plan. If the new program offered by the company will result in a new "deduction", then approval of the Committee is required. Does the term "deduction" refer only to a particular company; that is once a "deduction" of a particular company has been approved, then all other payroll deductions by that same company are automatically approved? Or does the term "deduction" apply to any deduction which is made for a new reason, that is a new program? Does it encompass all increases in the amount of an existing deduction? In my opinion, the second of these propositions most likely represents the legislative intent. Thus, if the "new program" will result in a separate payroll deduction for a different "coverage", then is my opinion that approval of the Committee is required. The language of the act does not obviate the approval requirement just because a company has an existing coverage handled through the payroll deduction system. The act requires approval of "payroll deductions. . . for coverages other than the state authorized plan". It does not state that once a company has one coverage approved for payroll deduction, that approval for all other coverages is necessary. Additionally, we have already stated in this opinion that it would lead to absurd consequences to require the approval of the Committee every time an existing deduction is increased. It is thus my opinion that if a "grandfathered" company offers a new program which will result in a "payroll deduction" for a new "coverage", then approval of the Committee is required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elan L. Cunningham.
Sincerely,
RON FIELDS Attorney General
R:arb